

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00037-CV

**JOSHUA KNIGHT,**

**Appellant**

 **v.**

**KRISTIN KNIGHT,**

**Appellee**

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court No. D20120001

## MEMORANDUM OPINION

On February 6, 2014, appellant, Joshua Knight, filed a "Motion for Appeal" along with numerous other motions in this Court. In his "Motion for Appeal," appellant stated that he wished to appeal the "Original final decree [that] was issued in Johnson County Civil Court 1 by Judge Robert Mayfield."

In response to appellant's filings, on March 21, 2014, this Court sent appellant a letter informing him that his notice of appeal in this matter contained several deficiencies. *See* TEX. R. APP. P. 25.1. Among the deficiencies was that appellant failed

to demonstrate that he properly served his notice of appeal on all parties. *See id.* at R. 25.1(e) ("The notice of appeal must be served on all parties to the trial court's final judgment or, in any interlocutory appeal, on all parties to the trial court proceeding."); *see also id.* at R. 9.5(a) ("At or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding."), (d) ("A document presented for filing must contain a proof of service in the form of either an acknowledgement of service by the person served or a certificate of service."), (e) (noting that the certificate of service must state: "(1) the date and manner of service; (2) the name and address of each person served; and (3) if the person served is a party's attorney, the name of the party represented by that attorney").

Additionally, appellant's notice of appeal did not state the date of the judgment from which he wished to appeal. *See id.* at R. 25.1(d)(2) (requiring that a notice of appeal contain "the date of the judgment or order appealed from"). We notified appellant that his appeal may not be timely, and we warned appellant that we would dismiss this appeal, unless within twenty-one days from the date of our letter, a response was filed showing grounds for continuing the appeal. *See id.* at R. 26.1, 42.3, 44.3.

On April 7, 2014, this Court received a response from appellant, wherein appellant explained that he wished to appeal from the trial court's judgment dated "October 16th." We presume appellant wishes to appeal from the trial court's judgment

dated October 16, 2013. With regard to our warning about service, appellant stated that he cannot serve the opposing party in this matter because he is not allowed to send mail to her, though he did mention that he thought he could have his father serve the opposing party. In any event, appellant did not provide a proof of service in the form of either an acknowledgement of service by the person served or a certificate of service, as is required by Texas Rule of Appellate Procedure 9.5(d). *See id.* at R. 9.5(d).

Nevertheless, Texas Rule of Appellate Procedure 26.1(a) provides that a notice of appeal must be filed within thirty days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

(1) a motion for new trial;

(2) a motion to modify the judgment;

(3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court.

*Id.* at R. 26.1(a).

Here, appellant filed his notice of appeal on February 6, 2014—113 days after the trial court signed the complained-of judgment. Accordingly, appellant's notice of appeal is untimely. *See id.* We recognize that appellant filed a motion for extension of time to file his notice of appeal among the many motions he filed on February 7, 2014.

However, pursuant to Texas Rule of Appellate Procedure 26.3, this motion is also untimely. *See id.* at R. 26.3. Therefore, because appellant's notice of appeal is untimely and his response did not provide grounds for continuing the appeal, this appeal is dismissed.[1]

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. *Id.* at R. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Appeal dismissed
Opinion delivered and filed April 17, 2014
[CV06]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. TEX. R. APP. P. 53.7(a).

Furthermore, given the disposition of this case, we dismiss appellant's pending motions as moot.